72 U.S. 705 (____)
5 Wall. 705
CITY OF GALENA
v.
AMY.
Supreme Court of United States.

*708 Mr. Jewett, for the city, plaintiff in error; Mr. Grant, contra.
Mr. Justice SWAYNE delivered the opinion of the court, having first stated the case.
Most of the legal principles which are involved in this case, and which must govern its determination, have been settled in other cases decided at this term.
Was there any error in the rulings of the Circuit Court?
The fourth section of the act of 1852 declares that the city council, if they believe the public good and the best interests of the city require it, may levy and collect an annual tax of not exceeding one per cent., and that the amount thus collected shall be kept separate; and that annually, on the 1st of January, it shall be paid over pro rata upon the funded debt of the city, that may be presented by the holders; and that this section shall continue in force until the principal and interest of the indebtedness is fully paid.
This power has not been exercised by the city authorities, and they have made no other provision for liquidating the debts due to the relator. They have no other means of payment, in possession or prospect. Under such circumstances, the discretion thus given cannot, consistently with the rules of law, be resolved in the negative.
The rights of the creditor and the ends of justice demand that it should be exercised in favor of affirmative action, and the law requires it. In such cases the power is in the nature of a trust for his benefit, and it was the plain duty of the *709 court below to give him the remedy for which he asked, by awarding a peremptory writ to compel the imposition of the tax, as was done.
These principles were fully considered in The Supervisors of Rock Island County v. The State Bank, of this term,[*] and it is sufficient to refer to that case for a fuller exposition of our views upon the subject.
This section of the act of 1852 is not repealed by either the act of 1857 or the act of 1865. There is no express repeal, and we think there is none by implication. The latter is not favored in the law. Repeal by implication, when the prior and the later act can consistently stand together, is never admitted.[] Here there is no irreconcilable conflict, if indeed there be any. This point seems not to be relied upon by the counsel for the plaintiffs in error.
It is conceded that this act was in force when the bonds in question were issued. If so, it was beyond the power of the legislature to repeal it, so far as it concerns the bonds in question, unless some other adequate remedy were substituted in its place.[]
The third section of the act of 1857 and the twelfth section of the act of 1865 each authorizes the collection of one per cent., to be applied to the payment of the interest upon the city debt. The latter re-enacts the former. The efficacy of this provision is not denied. The order of the Circuit Court with respect to this tax was correct.
The return of the respondents showed no sufficient reason why a peremptory writ of mandamus should not issue, as was ordered. The demurrer of the relator was properly sustained.
It is insisted that the city owes a large amount of other debts, and that if these taxes are collected the other creditors will be entitled to share in the distribution of the proceeds.
It is not competent for the respondents to make this objection. When any other creditor complains in a proper proceeding, *710 and asks that the funds be marshalled, it will be time enough to consider the subject.
The counsel for the plaintiffs in error has called our attention, with emphasis and eloquence, to the diminished resources of the city, and the disproportionate magnitude of its debt. Much as personally we may regret such a state of things, we can give no weight to considerations of this character, when placed in the scale as a counterpoise to the contract, the law, the legal rights of the creditor, and our duty to enforce them. Such securities occupy the same ground in this court as all others which are brought before us. When clothed with legal validity, it is our purpose to sustain them, and to give to their holders the benefit of all the remedies to which the law entitles them. When invalid, we have not hesitated and shall not hesitate to say so. But we cannot recognize a distinction, unknown to the law, between this and any other class of obligations we may be called upon to enforce.
The judgment of the Circuit Court is
AFFIRMED.
NOTES
[*] 4 Wallace, 435.
[] McCool v. Smith, 1 Black, 471.
[] Van Hoffman v. The City of Quincy, 4 Wallace, 535.