Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The sufficiency of the return is the sole question in the case; The return does not deny the obligation of the writ, nor offer an excuse for not obeying it, but states to the court that its command has been obeyed.
 

 Is this true ? Thqwrit commanded that the taxes should not only be levied, [hit collected and paid to the relator, before the return day of the writ, yet, there is no averment of their collection and payment, nor an excuse furnished for non-performance. If it was impossible to collect and pay the taxes in the time allowed, the return should have stated facts from which the court could have inferred a legal
 
 *315
 
 excuse for not doing it. On this point the return is wholly silent.
 

 But the defect in this return reaches much further. In so far as it avers performance, it does it only in the words'of the writ, which, if nothing more were required, would put the defendants in place of the court. To make the return properly responsive to the writ, it’was necessary to disclose the whole act constituting the levy, so as to enable the court to determine whether it was sufficient to pay the judgment of the relator.
 

 How could the court decide on the sufficiency of the levy to accomplish the purpose of the writ, without knowing the value of the taxable property of the city ? The court should ’ not only have been advised of the amount on which the levy was formed, but as the writ commanded, the year in which the valuation was made. The return is also defective in another important point. The mandate was to levy a specific tax to pay the i’elator’s judgment; the return is, that the tax was levied to pay the judgment and
 
 other claims.
 
 The nature and extent of these claims were not given, and the court had, therefore, no means of ascertaining whether the fund to be raised would be sufficient for their discharge, and the satisfaction of the relator’s demand. But, apart from this, there was no authority to import outside claims into this levy.
 

 The relator had been deprived of his annual interest, because these defendants had neglected to provide for it, as they were required to do by the ordinance which authorized the creation of the debt. To compel the performance of this omitted duty the mandamus was issued, and
 
 it
 
 did not empower the mayor and aldermen to embarrass the levy which it directed, by joining with it other obligations against the city, with which this relator had no concern.
 

 . Without pursuing the subject further, enough has been said to show that the demurrer to the return should have been sustained.
 

 The judgment of the Circuit Court is reversed, and the cause remanded with directions to proceed
 

 In conformity with this opinion.