## MEMPHIS v. BROWN.

A., having a decree against the city of Memphis for the payment of money, obtained, in March, 1875, a *mandamus*, commanding her to levy upon all the taxable property of the city a tax sufficient in amount to pay the decree. The city thereupon passed an ordinance levying a special tax, in professed conformity with the writ. A., finding that such special tax did not include merchants' capital, which, under the laws of the State, was taxable for general purposes, and that the required sum would not be raised, moved for a further peremptory *mandamus*, commanding that such merchants' capital, as assessed and returned for taxation for the year 1875, be included by the city within the property to be taxed for the payment of his decree, in accordance with the original writ. The court awarded the writ accordingly. *Held*, that the *mandamus* to compel the city to levy and collect the tax for the payment of the decree was process in execution, and that the court below rightfully exercised control over it in deciding that its order to levy a tax upon all the property of the city included the capital of merchants taxable under the laws of the State for general purposes.

ERROR to the Circuit Court of the United States for the Western District of Tennessee.

This case also involves the same general facts as those in *United States* v. *Memphis, supra*, p. 284.

On March 2, 1876, Brown filed an affidavit in the court below, that he was advised that the capital of merchants was legally taxable for the payment of his decree, and that the same tax should be levied and collected thereon for its payment as on other taxable property, and that the city of Memphis should be compelled by an *alias* writ to include that capital for such payment, and collect the tax thereon, and pay the same over to him, as commanded by the original writ, and that said levy be made upon the assessment as made and returned for the year 1875. The affidavit also set forth that theretofore only about sixty per cent of the taxes levied in the city had been collected; that after the withdrawal of the property in the ninth and tenth wards as exempt from taxation, and the exemption for the like reason of the property on which the special assessments had been paid, the entire residue (not including merchants' capital) was about $14,000,000, and that the money to be realized therefrom would scarcely exceed $45,000, instead of $125,000.

He therefore moved for an *alias* writ commanding such levy.

The court on the same day sustained the motion, and ordered that a peremptory writ of *mandamus* should issue, returnable to the next term of the court, commanding and requiring the city of Memphis to proceed forthwith to include within the property to be taxed for the payment of the said decree, in accordance with the peremptory writ of *mandamus* theretofore issued therein, the taxable capital of merchants for the year 1875, as theretofore returned and assessed by the city for taxation for other purposes, and to lay the same rate of taxation thereon for the payment of the decree that had been levied on the other taxable property of the city, and collect the said taxes so to be laid; and to pay the same over to the plaintiff forthwith as collected, according to the command of the said original writ.

On the 23d of that month the city passed an ordinance levying a tax of fifty-four cents on the hundred dollars of merchants' capital, " for the forty-eighth corporate year, 1875."

On the twentieth day of May following, the city submitted a motion in writing to set aside the order of March 2, and presented as an exhibit a copy of bill of complaint which sundry merchants of Memphis had filed in said court against the city and said Brown, wherein they, among other matters, allege that the order was improvidently issued, without any notice to them, and without process against the city, except the alternative writ of *mandamus;* and they prayed for a revocation of the order, and for an injunction against the city, to restrain it from attempting to levy the tax.

The court refused to set aside the order, but re-entered the same as its final judgment in the premises.

The city sued out this writ, and here assigns the following errors : —

The court below erred —

1. In ordering the levy of the tax of fifty-four cents on the one hundred dollars of taxable property, in excess of the $1.60 already levied.

2. In assessing the capital of merchants for the forty-eighth

corporate year, conformably to the rule prescribed by the act of March 25, 1873, inasmuch as said act was in conflict with the Constitution of the State.

3. In basing the order to levy the tax on the merchants on the *ex parte* affidavit of Brown, without making any of the merchants of Memphis parties to the cause, and without process against the city, except the original, alternative writ of *mandamus*.

4. In adjudging the property of any particular tax-payer, or class of tax-payers, liable to the tax in question.

*Mr. W. Y. C. Humes* for the plaintiff in error.
*Mr. William M. Randolph, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

In *Memphis* v. *United States (supra,* p. 293), we decided that the *mandamus* to compel the levy and collection of a tax beyond the rate mentioned in the act of Feb. 13, 1854, and sufficient to pay the judgment recovered by the relator, was authorized by the laws of the State, and was properly awarded. That decision covers the first assignment of error in this case, and leaves it without any foundation.

The other assignments are of minor importance. Some of them deny the power of the Circuit Court to define the extent of its own writ of execution. They assert that the court could not rightfully decide that its order to levy a tax upon all the property of the city meant to include the capital of merchants, taxable under the law of the State for other purposes. There is nothing in these objections. A *mandamus* to collect a tax for the payment of a judgment, or a *mandamus* to pay a judgment, is process in execution, and nobody heretofore has ever questioned the power of a court to control its own final process.

The only other question which requires attention is, whether in exercising that control the court erred by ordering that the taxable capital of merchants for the year 1875, as theretofore returned and assessed by the city for taxation for other purposes, be included within the property ordered to be taxed for the payment of the judgment. The allegation is, not that merchants' capital is not liable to taxation at a uniform rate

with other taxable property of the city, but that the statute of the State under which the assessment was made was unjust, oppressive, and in violation of the State Constitution. We are not convinced that this is a question we can consider in this case. The merchants do not appear to have made any complaint when taxes for general purposes were imposed. It is only when the special tax for the payment of the relator's judgment is ordered that they object. If the mode prescribed by the statute was in conflict with the State Constitution, they had a sufficient remedy in the State courts. To those courts they resorted (*Merchants* v. *The City of Memphis*, and *Schafer*, tax collector, a manuscript case decided by the Supreme Court at September Term, 1876); and we understand that court to have held, in substance, that the assessments were not illegal. Besides, we are not convinced that, if the question were an open one for our consideration, the mode prescribed by the statute for making the assessment was necessarily in conflict with the Constitution. The objection is therefore overruled.

We have considered the case without reference to the question whether the merchants who filed their bill against the city and Brown were in a situation to intervene in the action at law between Brown and the city, in the manner attempted by them. It may be doubted whether on their petition the court could be asked to correct its judgment in that case. But waiving this, we are of opinion that no error in the action of the court is shown.

<em>Judgment affirmed.</em>