STINSON et al. v. GODBE, City Treasurer.

No. 2887.   Decided September 29, 1916.   (160 Pac. 280.)

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—COLLECTION—
ORDINANCES AND STATUTES.  Under ordinances of Salt Lake
City, providing that on any installment or the interest not be-
ing paid on due date the whole amount of the special tax un-
paid at the time the installment and interest are due shall
become due and payable, and providing for the sale of all prop-
erty upon which the special tax is delinquent, the city treasurer
could be compelled to collect the whole tax for a sewer, to
discharge coupon warrants issued to the contractor, when but
one installment was delinquent, in view of the provision of
the ordinances and Comp. Laws 1907, section 282x7, as amended
by Laws 1909, c. 41, providing that the whole warrant may
be paid on the day any installment becomes due by paying the
amount and interest to date of payment, so that the collection
would not be of money which the city could not use and upon
which interest would accumulate.[1]   (Page 448.)

2. MUNICIPAL CORPORATIONS — SPECIAL ASSESSMENTS — INTEREST-
BEARING WARRANTS—NEGOTIABLE CHARACTER.  While interest-
bearing warants of a city issued to a sewer contractor partake
of negotiability, they do not in law have the same protection
as negotiable instruments.   (Page 449.)

3. MUNICIPAL. CORPORATIONS—SPECIAL ASSESSMENTS—ENFORCEMENT
—INCREASED INTEREST UPON DELINQUENCY.  Though the interest
upon delinquent installments of a special tax for a sewer im-
provement is increased from 6 to 8 per cent., nevertheless pay-
ment of delinquent installments should be enforced by sale
of the property to pay interest-bearing coupon warrants issued
the contractor for the work.   (Page 449.)

4. MANDAMUS—PROPRIETY OF REMEDY.  The holder of an interest-
bearing coupon warrant drawn upon a special fund to be raised
through assessment made for a sewer improvement, may, by
mandamus, compel the city treasurer to proceed with the col-
lection of the warrant by sale of delinquent property.   (Page
451.)

Appeal from District Court, Third District; *Hon. F. C.
Loofbourow,* Judge.

[1] *Stinson* v. *Godbe*, .... Utah ...., 150 Pac. 967.

Petition for mandamus by R. M. Stinson and Thomas Stockhausen, copartners doing business as R. M. Stinson & Company, against Frank Godbe, as City Treasurer of Salt Lake City.

From judgment dismissing the complaint, plaintiffs appeal.

JUDGMENT REVERSED, and cause remanded with directions to issue a peremptory writ of mandate as prayed.

*Pierce, Critchlow & Barrette* and *Van Cott, Allison & Riter,* for appellants.

*H. J. Dinninny,* for respondent.

FRICK, J.

Plaintiffs commenced this proceeding in the District Court of Salt Lake County to require the defendant, as treasurer of Salt Lake City, to proceed to sell certain real estate which is subject to a special tax and by that means to collect said tax.

The complaint covers twenty-five pages of the printed abstract. After stating the matters of inducement it is in substance alleged that Salt Lake City entered into a contract with one P. J. Moran, contractor, to make certain public improvements consisting of a sewer for said city; that under said contract it was agreed that said contractor, for making said improvement, should be paid in "coupon warrants" issued by said city. The said contract contained the following provision:

"It is understood and agreed that said contractor shall accept such coupon warrants in full payment for work done and material furnished under the contract to the amount of the sum named in each of said warrants and interest as therein provided, and that the city shall not be held liable for the payment of the cost of the improvements mentioned in said warrants, or for the payment of any warrants issued, as aforesaid, or for the payment of any of the coupons attached thereto, except to the extent of the funds received by it under the levy and assessment for said improvements; but the city shall be responsible for faithful accounting, collection, and settle-

ment, and paying the money of said funds, and when such accounting, collection, settlement, and paying is faithfully performed all further liability on the part of the city shall cease, and it is hereby understood that the city will exercise the authority conferred upon it by law to collect said assessments.''

It was further alleged that said city by ordinance had duly levied a special tax to pay said coupon warrants; that under said ordinance it was also provided:

''Said tax shall become and be delinquent in five equal yearly installments, with interest on the whole sum unpaid at the rate of six per cent. per annum, payable at the time each installment is due, to wit: One-fifth thereof one year after the ordinance confirming the levy of the tax for the payment for such improvement becomes effective; one-fifth thereof in two years after said ordinance becomes effective; one-fifth thereof in three years after said ordinance becomes effective; one-fifth thereof in four years after said ordinance becomes effective; and one-fifth thereof in five years after said ordinance becomes effective. One or more installments, in the order in which they are payable, or the whole special tax, may be paid at any time within thirty days after the ordinance confirming the levy of the tax becomes effective, without interest. In the event of any installment or the interest aforesaid not being paid on the date the same becomes due, the whole amount of the special tax unpaid at the time said installment and interest are due, shall become due and payable, and shall draw interest at the rate of eight per cent. per annum until the sale of the property assessed: Provided, one or more installments, in the order in which they are payable, or the whole special tax unpaid, may be paid on the day any installment becomes due, by paying the amount thereof and interest to said date.''

It was also alleged that said coupon warrants were duly issued and delivered to said contractor and were by him sold to the plaintiffs herein who are the holders thereof; that said special tax is payable in annual installments, some of which, with accrued interest, amounting in the aggregate to $1,600, were past due and unpaid. Plaintiffs also pleaded the ordinances of said city whereby the levying of special assessments

and the collection thereof is provided for, practically as set
forth in the contract aforesaid.  It is alleged than in said ordi-
nances it is further provided as follows:

"Within ten days after the date of delinquency, as fixed in
the levy and notice of tax, the city treasurer shall make up a
list of all property upon which the special tax remains due
and unpaid, and cause the same to be published in some news-
paper having general circulation in the city, daily thereafter
for a full period of ten days.  Said delinquent list shall con-
tain a description of the property delinquent according to lots,
blocks or parcels, together with the owner's name or names, if
known, and if not known, in lieu thereof, the words 'Unknown
Owner,' with the amount of taxes due, on each separate par-
cel, exclusive of costs, and shall be accompanied by a notice of
sale, substantially in the following form."

It is also set forth in said complaint that said ordinances.
provide that on the day fixed for the sale of delinquent prop-
erty the city treasurer shall offer such property for sale for
the amount of the special tax, etc.; that plaintiffs have request-
ed the city treasurer to collect the delinquent installments of
said coupons and for that purpose to advertise and sell the
delinquent property as provided in said ordinances, and that
he has refused, and still refuses, to do so; that they have no
"plain, speedy, or adequate remedy in the ordinary course
of law."

The defendant appeared and demurred to the complaint,
and upon a hearing the District Court sustained the demurrer.
The plaintiffs elected to stand upon their complaint, and hence
the court entered judgment dismissing the same.  The plain-
tiffs appeal and contend that the District Court erred in sus-
taining the demurrer, and in entering judgment as aforesaid.

We passed on a similar proceeding wherein the same plain-
tiffs and the same defendant were parties, entitled *Stinson* v.
*Godbe*, .. Utah .., 150 Pac. 967.  We there affirmed a judg-
ment denying a writ of mandate and dismissing the complaint.
In the course of the opinion in that case Mr. Chief Justice
Straup said:

"It is not claimed that there is any authority upon delinquency of
an installment to declare the whole of the tax due and delinquent."

It is further said:

"The tax is a special lien on the property. The holder of the warrant can only through the intervention of the city foreclose the lien, sell the property, and collect the tax. There is a clear power and duty conferred and imposed on the city and its treasurer at some time to do that. The serious question is: Is the power conferred and the duty imposed to sell upon delinquency of an installment and before the whole tax is due and delinquent?"

The Chief Justice then proceeds to demonstrate that there is nothing in the statute, nor in the ordinances, that imposes a duty upon the city treasurer to proceed to collect the installments due by selling the property upon which the tax is delinquent, and that no such duty exists until all the installments are due; that is, until the whole tax is delinquent. The very questions propounded and answered in the negative in that case are, however, now answered in the affirmative by the ordinance under which the tax in question here was levied and under which the coupon warrants involved in this proceeding were issued by Salt Lake City. The ordinances that control here in express terms provide:

"In the event of any installment or the interest aforesaid not being paid on the date the same becomes due, the whole amount of the special tax unpaid at the time said installment and interest are due shall become due and payable."

Then follows the ordinance providing for the sale of all property upon which the special tax is delinquent. Counsel for the city, however, contend that if the city treasurer is compelled to collect the whole tax when but one installment is delinquent, then he is collecting money which the city cannot use and upon which interest accumulates. In making that contention counsel overlook the fact that both the ordinances and the statute (Comp. Laws 1907, Section 282x7, as amended by Chapter 41, Laws Utah, 1909) provide:

"The whole warrant may be paid on the day any installment becomes due by paying the amount thereof and interest to date of payment."

That provision affords ample protection to the city, and it no doubt was adopted so that in case the city is compelled to declare the whole tax due upon any considerable amount of

property because of delinquent installments, it may also protect itself by paying off any warrant on the date any installment falls due.

Counsel for the city further contend that since the interest upon delinquent installments is increased from six to eight per cent. for that reason payment of delinquent **2, 3** installments should not be enforced by a sale of the property. Counsel, in their brief, upon that subject make the following observation:

"The ordinance which provides that on the failure of a property owner to pay an installment the whole unpaid tax shall become due and payable and draw interest at eight per cent. is harsh enough, and while there is an ordinance which also requires that within ten days after delinquency the city treasurer must proceed to sell the property, to do so under all circumstances would be unjust. It seems to us that the treasurer should be allowed to use reasonable discretion in proceeding to make the sale, taking into consideration the person owing the tax and his circumstances and availability of money."

Why declare the "whole tax due and payable" if it was not intended to enforce payment thereof? Of what practical use is it to enter into a contract with a contractor that the debt entered into by the contract shall become due in installments and that in case one installment shall become delinquent and so remain for a specified time "the whole debt shall become due and payable" if the contractor may not enforce payment as stipulated in the contract? As was well said by Mr. Justice Swayne, Justice of the Supreme Court of the United States, in *City of Galena* v. *Amy*, (U. S.) 5 Wall. 710, 18 L. Ed. 560:

"We can give no weight to considerations of this character, when placed in the scale as a counterpoise to the contract, the law, the legal rights of the creditor, and our duty to enforce them."

The city issues these warrants and pays them to the contractor for the contract price for making the improvement. While the city is not individually liable, yet it has promised the contractor that it will insist upon the prompt payment of the warrants, and if not paid when due, that it will invoke

the aid of the law to enforce their payment. Every one knows that while such warrants partake of negotiability they, nevertheless, do not, in law, have the same protection as negotiable instruments. For that reason the contractor must sell or dispose of them to obtain currency to pay for the labor and material required in making the improvement for the city. It is well known also that the price that the contractor may obtain for the warrants depends largely upon the city's credit and the law by which their payment may be enforced. Many persons of small means may invest in those warrants relying upon their prompt payment for a meager income. But whether small or large investments are made the investor, whoever he may be, has a right to rely upon the terms and conditions of the contract and the ordinances when authorized by statute, under which such warrants are issued and made payable. The property owner and taxpayer who pays his taxes promptly is likewise interested. He is interested in obtaining public improvements at the least possible cost. He can do that only if assurances are given to those who advance the money to make such improvements that the warrants which they receive for the money advanced will be repaid promptly, and in accordance with the ordinances and contract. After the laws and ordinances are passed and contracts are entered into it is too late to seek to modify some of their provisions by appealing to the courts. Courts are created to enforce contracts that are not tainted with fraud or coercion and not to modify them. The city may easily protect the property owners and taxpayers affected by any special tax which the city is required to collect by giving the taxpayer ample time in which to redeem any property that may be sold for the purpose of enforcing payment of delinquent taxes and to make the expenses incident to such sales and redemptions as small as consistent with due and proper service. In doing that the city will maintain its credit, the warrant purchaser obtain his money promptly, and the taxpayer obtain all the relief that under just laws he is entitled to. It is therefore not a question of enforcing harsh remedies as counsel for the city seem to think. The right to enforce collection upon overdue obligations in accordance with the terms and conditions thereof in the eye of the law cannot

be considered a harsh remedy. That is especially true where, as here, the city may amply protect the taxpayer by also affording him a proper remedy to redeem his property in case he is unable or unwilling to pay promptly when his taxes fall due.

Nor do the decisions leave any room for doubt that under contracts, ordinances, and laws which must control this case, mandamus is the proper remedy. The fol-    **4** lowing cases are decisive of that question: *German-American Svgs. Bk.* v. *Spokane*, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259; *Soule* v. *Seattle*, 6 Wash. 315, 33 Pac. 384, 1080; *Ramish* v. *Hartwell*, 126 Cal. 443, 58 Pac. 920; *Himmelmann* v. *Cofran*, 36 Cal. 411; *City of Galena* v. *Amy, supra; Rock Island County* v. *State Bank*, 4 Wall. 435, 18 L. Ed. 419; *People* v. *Syracuse*, 144 N. Y. 63, 38 N. E. 1006. In *German-American Svgs. Bk.* v. *Spokane, supra*, the rule is stated in the headnote thus:

"The holder of a warrant drawn upon a special fund to be raised through assessments made for a street improvement may by mandamus compel the city officers to proceed with the collection of the assessments."

To the same effect are the other cases cited. Why should not that be done, and especially where, as here, the city has obli-. gated itself to promptly collect the tax which it has levied to pay for the improvement? No other method of enforcing payment under the contract and ordinances, except to have recourse to a court of equity, seems available. But even in a proceeding in equity all that could be accomplished would be to require the city to comply with the terms and conditions of the contractual obligations it assumed in ordering the improvement, in levying the special tax, in issuing the warrants, and in enforcing their payment. We confess our utter inability to see any escape from, or to arrive at, any other conclusion than to grant the prayer of plaintiff's complaint.

The judgment of the District Court of Salt Lake County is therefore reversed, and the cause is remanded to that court, with directions to issue a peremptory writ of mandate as prayed for in the complaint. Costs to appellants.

McCARTY, J., concurs.

STRAUP, C. J. (concurring).

Where the tax or assessment is made payable in installments I had somewhat doubted whether the statute confers power on the city by ordinance or otherwise to declare the whole tax or assessment due on the delinquency of an installment. Unless it is conferred by statute it has no such power.

While the statute (Comp. Laws 1907, Section 258) is not as explicit in such respect as it might be, still I think the fair and reasonable construction of it leads to the conclusion that such power was intended to be conferred. On that ground I concur.