## MOORE FILTER CO. v. TAUGHER. *

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

### No. 2843.

1. COURTS ⬦325—JURISDICTION—WAIVER OF OBJECTIONS.
   In an action in the federal court, defendant, a foreign corporation, by answering to the merits and setting up a counterclaim, without raising by demurrer the question of the court's jurisdiction by virtue of service on defendant's agent, waived all objections, and cannot thereafter urge them.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. ⬦ 325.]

2. EVIDENCE ⬦487—ADMISSIBILITY—VALUE OF SERVICES—ATTORNEY AND CLIENT.
   In an action to recover the value of personal services rendered by plaintiff in effecting a settlement, whereby a third person was induced to confess judgment in favor of defendant for infringement of defendant's filter patents, a witness familiar with the patent situation with respect to filters may testify as to the value of the services of plaintiff, in view of the surrounding circumstances.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2272; Dec. Dig. ⬦487.]

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes .
*Rehearing denied March 19, 1917.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action by J. L. Taugher against the Moore Filter Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

J. R. Pringle and Clarence A. Shuey, both of San Francisco, Cal., for plaintiff in error.

John L. Taugher, of San Francisco, Cal., pro se.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error, a citizen of California, brought an action to recover the value of personal services alleged to have been rendered to the plaintiff in error, a corporation of the state of Maine. Service of the summons was had upon an agent of the plaintiff in error residing in San Francisco. From the allegations of the complaint, it was inferable that all the services therein mentioned were rendered elsewhere than in the state of California. A motion was made to quash the service of the summons. The motion is not found in the record, but from a memorandum opinion of the court below it appears that the ground of the motion was that the person who was served with the summons was not an agent upon whom service was authorized to be had. At the beginning of the answer to the complaint is the following:

"Now comes the defendant, the Moore Filter Company, and without waiver of its objections that this honorable court has acquired and can lawfully exercise no jurisdiction over it or over the subject-matter of this action, which said objections, and the several benefits thereof, are specifically reserved to it, and also specifically reserving all of its rights under motion to quash service of summons in this action heretofore made by it and denied by this court, said defendant makes answer and says."

Then followed denials of certain of the allegations of the complaint, and in conclusion the plaintiff in error set up a counterclaim for $7,-500, which it was alleged arose out of the same transactions that were set forth in the complaint. There was no allegation in the answer that the services for which the defendant in error sought to recover were rendered without the state of California, or upon contracts made elsewhere than in that state, and nowhere in the pleadings did the plaintiff in error present such an objection to the jurisdiction. Upon the conclusion of the opening statement for the plaintiff in the action, the court on its own motion suggested its doubt of the jurisdiction, on the ground that the subject-matter of the action grew out of a transaction which did not have its origin in the state or in the district, and no part of which was performed in the state or district; but, after argument of counsel, the court concluded, in view of the nature of the pleadings and the interposition of the counterclaim, that the court had acquired jurisdiction, and so ruled. To that ruling the plaintiff in error reserved an exception, and again, at the conclusion of the plaintiff's case, moved to dismiss the action on the ground that the court could law-

fully exercise no jurisdiction over the defendant in the action or the subject-matter thereof.

[1] The plaintiff in error now presents to this court the question of the jurisdiction, and it contends that it did not waive the question by pleading a counterclaim, for the reason that, under the statute of California and the decisions of the courts of that state, it was compelled to plead the counterclaim or lose the right to assert the same in any subsequent action. We need not pause to consider whether a counterclaim thus pleaded under compulsion would take the case out of the rule of Merchants' Heat & L. Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488, in which case the defendant elected to sue upon a counterclaim, although under the law of Illinois which controlled the question there was no obligation to plead a cross-demand, and whether he should do so or not was left to his choice; for, in our opinion, the plaintiff in error here waived all right to object to the jurisdiction on the ground now urged, by answering upon the merits and setting up the counterclaim and going to trial upon both, without having presented by demurrer or answer that question of the jurisdiction to the court below.

[2] Error is assigned to the admission of a portion of the testimony given by one Oliver, a mining engineer engaged in manufacturing and selling filters for cyanide processes used for the same purpose as the Moore filter, who had testified that in the year 1913 he had a general idea of the patent situation in the United States relating to filters in use in mining operations similar to the Moore process, and was familiar with the claims made by the Moore Filter Company under its patent filter process, and was familiar with the litigation between that company and the Tonopah Belmont Mining Company, and had studied the matter very thoroughly, because he was having trouble with the Moore Filter Company, which claimed that he was infringing its patents, that he had obtained patents for filter apparatus and had given a great deal of consideration to the filter situation, both in the United States and abroad, and that he knew of the settlement the plaintiff in error made with the Golden Cycle Mining Company, by which the latter confessed judgment for $50,000, which was announced in the technical journals. He was asked:

"What value, in your judgment, was the confession of judgment to the Moore Filter Company, if the Moore Filter Company had made reasonable use of it in its negotiations and dealings with other mining companies that were infringers of its patents?"

Objection was interposed on the ground that the witness was not competent to pass on the value of a judgment of confession, and on the further ground that the testimony was incompetent. The court interposed by explaining to the witness that what counsel was asking him was whether, from his knowledge of the business, he would consider that a second adjudication of the validity of the patent, where the patent had given rise to litigation growing out of the infringements, would be of value to one owning the patent and making future settlements with parties who had infringed the patent. The answer of the witness was:

"It is a difficult matter to put in dollars and cents. It came at a psychological moment. The Moore Filter Company had won its suit against the Tonopah Belmont in another circuit; and this was the first settlement that was made, the first large settlement they had gotten from infringers. The Tonopah Belmont case was still in the courts awaiting a judgment—waiting for the accounting. They had won the case."

We are not convinced that the objection should have been sustained, or that it was reversible error to admit this testimony of a witness who, to some extent, was an expert and was qualified to testify as to the timeliness of the services rendered by the defendant in error, and the circumstances under which they were rendered. That was the sum and substance of his answer to the question, and, in the light of the meager portion of the evidence which the record contains, it does not appear that such testimony was beyond the scope of legitimate inquiry. We find no error.

The judgment is affirmed.