## No. 9567.

### HENRYLYN IRRIGATION DISTRICT ET AL. v. THOMAS.

IRRIGATION DISTRICT—*Bonds—Minority Holder.* The owner of a minority of the bonds of an irrigation district is entitled to mandamus to compel the directors of the district to determine the amount of money required to discharge his holdings, and certify the same to the county commissioners. He is entitled to satisfaction of the bonds which he holds, and is not required to go further.

IF, when manadamus is awarded, the action of the board appears injurious to the holders of other bonds outstanding, it is for these holders to complain.

*Department One.*

*Error to Weld District Court, Hon. George H. Bradfield, Judge.*

Mr. JOHN R. SMITH, for plaintiffs in error.

Mr. THEODORE H. THOMAS, *pro se.*

Mr. Justice Burke delivered the opinion of the Court.

---

THERE are assigned five alleged errors of the trial court. They may all be briefly disposed of under the single contention that this plaintiff, holding only a fraction of the outstanding bonds and coupons, is not entitled to compel the Board of Directors of the District to certify, and the Board of County Commissioners to levy, for their payment only. The answer is that the law fixes the duty upon the Board of Directors of the District to "determine the amount of money required", and upon the Board of County Commissioners to "fix the rate necessary to provide the amount of money required." This plaintiff has no concern with those bonds and coupons not owned by him, and relief can not be denied him because he owns but a fraction. It is

enough that he seeks relief as to that portion of the bonds and coupons which he owns. He is required to go no further; and the objection is one which defendants can not make.

*City of Galena v. Amy,* 5 Wall. 705, 18 Law. Ed. 560.

When the alternative writ is made peremptory the Board must proceed, at least, as to the amount necessary to pay the bonds and coupons of the plaintiff.

It is suggested in the briefs, but not disclosed by the record, that some plan of settlement has been entered into between the irrigation district and the holders of the remaining bonds and coupons outstanding, whereby practically the entire indebtedness of the district, aside from that held by the plaintiff, has been adjusted. For aught we know it may be that no amount of money is *now* required to take care of bonds and coupons *not* held by the plaintiff, or the amount required, if any, may be much less than the face thereof, with interest. The writ requires certification as to plaintiff's bonds and coupons. It does not limit it thereto. If the action of the Board of Directors of the irrigation district, in response to the judgment herein, is such as to prejudice the holders of any other outstanding bonds and coupons, it is for them to complain.

It should be observed that the same assumption is made by both sides in the instant case with respect to the provisions of Sections 3457 and 3459, Revised Statutes of Colorado, 1908 (original or amended), and the duty of the Board of Directors of the irrigation district to certify "the amount of money required to pay the interest and principal of the bonds of said district" as was made in 9530, *supra.* For the same reason we accept it as correct and express no opinion thereon. The Supersedeas is denied and the judgment is affirmed.

Garrigues, C. J. and Teller, J. concur.