ARKANSAS ex rel. UTLEY, ATTORNEY GEN-
ERAL, FOR THE USE OF CRAIGHEAD COUNTY,
v. ST. LOUIS-SAN FRANCISCO RAILWAY COM-
PANY et al.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 74.   Argued October 22, 1925.—Decided November 16, 1925.

1. A mandamus issued by the federal District Court for the purpose
   of satisfying a judgment previously entered therein against a
   county, and commanding tax officials to assess all property in the
   county at its full value and continue so doing until the judgment
   shall be paid, but laying down no further details as to the manner
   of making assessments, is to be taken as requiring that they be
   made in accordance with the laws of the State, leaving the question
   whether an assessment, when made, complies with those laws to be
   determined, in appropriate proceedings, by that court or by the
   state courts.   P. 174.

2. Hence, where, in purported compliance with such mandamus, the
   property in the county was assessed at full value for county taxes
   (out of which the federal court judgment was to be paid) but
   at one-half its value for state, municipal and school taxes,
   and the state Supreme Court, adjudging that the discrepancy was
   contrary to a uniformity requirement of the state constitution
   and not in accord with the direction of the federal court, refused
   to enforce collection of the county taxes for more than 50%,—
   *held*, that the judgment of the state court plainly did not deny
   the authority or question the validity of the mandamus of the
   federal court, and was not reviewable in this Court under § 237,
   Jud. Code.   P. 176.

Writ of error to review 162 Ark. 443, dismissed.

ERROR to a judgment of the Supreme Court of Arkansas
affirming judgments for less than the amounts sought in
actions by a county to collect taxes assessed against the
St. Louis-San Francisco Railroad Company and the Mis-
souri Pacific Railway Company.

*Mr. Horace Sloan,* with whom *Messrs. J. S. Utley,* At-
torney General of Arkansas, and *A. P. Patton* were on the
brief, for petitioner.

*Messrs. Thomas B. Pryor, Gordon Frierson, William J. Orr, Edward L. Westbrooke* and *Edward T. Miller,* for the defendants in error, submitted.

MR. JUSTICE STONE delivered the opinion of the Court.

Two separate suits, consolidated in the trial court, were brought by plaintiff in error in the Chancery Court for the Western District of Craighead County, Arkansas, pursuant to statute (§ 10,204, *et seq.* of Crawford & Moses Digest) to recover from the defendants overdue county taxes assessed against them for the years 1921–1922.

The assessments in question purport to have been made in compliance with a peremptory writ of mandamus issued by the United States District Court for the Western District of Arkansas. The Maccabees, an incorporated fraternal order, relator in the mandamus proceeding, had previously recovered judgment against Craighead County on certain county warrants in the United States District Court, jurisdiction having been invoked on grounds of diversity of citizenship. The mandamus proceeding, which was brought in aid of the judgment, resulted in an order directing the tax officials having jurisdiction in the premises, " to assess, at its full value in money, all property in Craighead County and to continue said assessment at its full value in money until the judgment of the plaintiff . . . shall have been paid in full; and it appearing that the property in said County has heretofore been assessed at not exceeding 50% of its assessed value, it is ordered that said mandamus require that the total assessment made hereunder shall be at least double the amount of the total assessment heretofore made." The respondents, in what purported to be a compliance with the mandamus order, assessed all the property in Craighead County, for all taxes except the general county tax, at the old valuation of fifty per cent; but for the general county tax, out of which the judgment of the Maccabees

was to be paid, they made a separate assessment on all property at a valuation of one hundred per cent.

In the Chancery Court the defendants contested the validity of the assessment, and judgment was entered for only one-half of the tax assessed against them for general county purposes. On appeal, the Supreme Court of Arkansas held that no tax could be lawfully assessed for those purposes upon a valuation in excess of the fifty per cent. valuation on which the assessment for other taxing purposes was based, and affirmed the judgment below. 162 Ark. 443.

The plaintiff in error invokes the jurisdiction of this Court under Judicial Code, § 237, alleging that the Supreme Court of Arkansas has drawn in question the validity of an authority exercised under the United States and has decided against its validity, in refusing to enforce the collection of overdue taxes upon an assessment ordered by the federal court; and assigns as error that in so doing the state court has refused to give effect to the judgment and mandamus of the District Court, in contravention of the judicial power granted to the federal courts by Article 3 of the Constitution, and Acts of Congress pursuant to it, and in contravention of Clause 2 of Article 6 (making the Constitution and laws of the United States the supreme law of the land).

In holding invalid the assessment as made for general county purposes, the Supreme Court of Arkansas disclaimed any purpose to attack collaterally the judgment of the United States District Court, or to deny its full force and effect as rendered. It rested its decision on the narrow ground that the assessment upon the property of defendants in error was not made on a valuation uniform within Craighead County for all purposes of taxation, state, county, municipal and school, as required by the state constitution (Article 16, § 5; *Hays* v. *Missouri Pacific R. R. Co.,* 159 Ark. 101), and that as made the

assessment did not comply with the judgment of mandamus which specifically required the tax officials to assess at full value all property in Craighead County. Since the court deemed that the assessment complied neither with the requirements of the constitution nor with the directions of the judgment of the District Court, it held that there was no denial of the authority of the judgment in holding the assessment invalid under the state constitution.

If the mandamus order had in terms directed the assessment to be made as it was in fact made by the taxing officials, or if the assessment had been held to be invalid on the ground that, although made as directed, it was not uniform with the valuation employed in other counties of the State, questions would have been presented which are not raised by this record. We might then have had to consider whether the determination of the state court did not, in effect, attack collaterally the judgment of the District Court and deny its authority, even though that judgment rested on a different view of the state constitution than that adopted by the Supreme Court of Arkansas. See *United States ex rel.* v. *Jimmerson,* 222 Fed. 489, and *United States ex rel.* v. *Cargill,* 263 Fed. 856.

These are questions which we are not called upon to decide here; for we find no necessary conflict between the mandamus order of the District Court and the constitution of the State as interpreted and applied to the assessment by the state Supreme Court. The District Court undoubtedly had jurisdiction to compel the assessing officers of the county to levy a tax for the purpose of securing satisfaction of its judgment. *Memphis* v. *Brown,* 97 U. S. 300; *United States* v. *Fort Scott,* 99 U. S. 152. For that purpose it had jurisdiction to determine what form of assessment would accord with the laws and

the constitution of the State of Arkansas and to prescribe the manner in which the assessments should be levied. *Riggs* v. *Johnson County,* 6 Wall. 166; *Prout* v. *Starr,* 188 U. S. 537.

But in directing the assessment to be made within the county on the basis of a uniform valuation, the judgment did not specify the mode of assessment for different tax purposes; it did not direct that the assessment at an increased valuation should be made only for county taxation. Being silent with respect to these details, it must be taken to direct an assessment within the county at full valuation, in accordance with the laws of the State, leaving to be determined, by proceedings appropriately had in either the District Court or the state court, the question whether the assessment actually made complied with those laws. No proceedings were had to secure a modification of the judgment of the District Court so that it would direct the assessment to be made in the mode actually employed, or to compel an assessment on a uniform valuation for all tax purposes, on the theory that such uniformity was required by the state law, and in the view, which we adopt, that the judgment required an assessment to be made within the county according to that law.

In that situation we do not find any basis for the contention that the authority of the judgment of the District Court was denied or its validity questioned by the determination of the state court that the assessment as made within the county was invalid. The mandamus not having prescribed the particular method of assessing the tax, the state court was left free to determine whether the assessment was made according to law, and in so doing it did not determine any matter which had been adjudicated by the District Court or refuse to give full effect to its judgment.

The writ of error is

*Dismissed for want of jurisdiction.*