**SHOLTZ et al. v. UNITED STATES ex rel. BEN HUR LIFE ASS'N.**

No. 7803.

Circuit Court of Appeals, Fifth Circuit.

March 16, 1936.

Cary D. Landis and J. V. Keen, both of Tallahassee, Fla., Robert J. Pleus, of Orlando, Fla., and James B. Watson, of Pensacola, Fla., for appellants.

L. O. Casey and Miller Walton, both of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a judgment ordering the issuance of a peremptory writ of mandamus directed to the individuals constituting the board of administration of the state of Florida, and W. V. Knott, as treasurer of said state, and ex officio treasurer of county of Monroe, Fla., commanding said individuals constituting said board of administration to pay a described judgment recovered in the court below on June 13, 1934, by Ben Hur Life Association against said county of Monroe, on described interest coupons detached from described highway bonds and described bridge bonds of said county of Monroe, in the sum of $4,-314.20, and costs in the sum of $32.50, together with interest thereon at the rate of 6 per cent. per annum from the 13th day of June, 1934, to the date on which such payment shall be made, "out of any funds in the possession of you, or either of you, provided for that purpose, or out of any funds in the possession of you, or either of you, provided for the purpose of paying" described interest coupons detached from described bonds of said Monroe county; and further commanding:

"(b) That you, the respondents, David Sholtz, J. M. Lee and W. V. Knott, as members of and constituting the Board of Administration of the State of Florida, forthwith convene as said Board of Administration and order paid, as required by paragraph (a) hereof, out of the proceeds of ad valorem taxes in your hands applicable to the payment of past due and unpaid interest coupons owned by the relator, described in paragraph (a) hereof, and on which the judgment described in paragraph (a) hereof is based, under your jurisdiction and control, and remitted to and now in the possession of W. V. Knott, as ex-officio County Treasurer of Monroe County, Florida, so much of said judgment as the funds applicable to the claim of the relator will permit, not exceeding the amount of the judgment of relator and the costs of this suit, and prepare, pass, adopt, approve and sign all such resolutions, papers and/or documents necessary to provide for the payment of same.

"(c) And that you, the respondent, J. M. Lee, as Comptroller of the State of Florida, and ex-officio Secretary of the Board of Administration of the State of Florida, draw your warrant upon the respondent, W. V. Knott, as Treasurer of Monroe County, Florida, for the purpose of making payment of said judgment, as ordered by the Board of Administrators of the State of Florida.

"(d) That you, the respondent, J. M. Lee, as Secretary of the said Board of Administration, upon drawing your said warrant, as aforesaid, forthwith deliver the same to Ben Hur Life Association, a corporation, or Casey & Walton, as its attorneys of record, upon the surrender and delivery to you of a satisfaction of the said judgment."

The proceeding was instituted by the filing by the appellee of a petition for an alternative writ of mandamus to which the appellants and others were made defendants. After the appellants, by their attorneys appearing in the cause, had filed a motion to quash the alternative writ of man-

damus, the appellee, by leave of the court, filed an amended alternative writ of mandamus and a further amendment of said amended alternative writ of mandamus, and the court, on motion of appellee, dismissed the cause as to named defendants other than appellants. After it had been stipulated by counsel that the motion to quash the original alternative writ of mandamus be directed to the amended alternative writ of mandamus, the court denied the motion to quash the alternative writ of mandamus as finally amended. Thereupon the appellants filed their returns to the alternative writ of mandamus as finally amended. The initial paragraph of that return contains the following: "And again saving to themselves all benefit of objection to the jurisdiction of this court, and, without in any manner submitting themselves to said jurisdiction, say. * * *"

For the appellants it was contended that the motion to quash the amended alternative writ of mandamus should have been granted, because the allegations of the petition for the writ did not show the rendition of a final judgment in favor of the petitioner. This contention was based upon the following language of the judgment in favor of appellee against the county of Monroe, Fla., which was made an exhibit to said petition: "Ordered, Adjudged And Decreed that the plaintiff have a judgment against the County of Monroe, State of Florida, the defendant herein, the sum of $4,314.20, besides its costs now here taxed at $32.25, together with interest at the rate of six (6%) per centum per annum from this date until paid; and that the said plaintiff have execution therefor."

■ It was argued that by the use of the quoted language the court merely ordered a judgment, which was not shown to have been rendered. The entry contains the essentials of a judgment, in that it shows the relief granted in favor of the plaintiff in the cause against the defendant therein—the conclusion of the law upon the matters contained in the record. Potter v. Eaton, 26 Wis. 382; Flack v. Andrews, 86 Ala. 395, 5 So. 452; 15 R.C.L. 569. The order for execution shows a final judgment, for on that alone could execution issue. The allegation of the amended alternative writ of mandamus "that on the 13th day of June, A. D. 1934, final judgment was made and entered in said cause, wherein and whereby it was adjudged that said Ben Hur Life Association have and recover * * *

from said County of Monroe the sum of $4,314.20, and its costs in the sum of $32.-25, with interest thereon at the rate of six (6%) per annum from the date of said judgment," was admitted by the return of appellants to that writ. In the court below no question was raised as to the sufficiency of appellee's allegations as to the rendition of a final judgment in its favor against the county of Monroe. An appellate court is not bound to consider a question which was not raised in a court below. Rodriguez v. United States (C.C.A.) 80 F.(2d) 646. The contention under consideration is not maintainable.

■ By appearing generally and filing a motion to quash the alternative writ of mandamus, the appellants waived any objection to the process whereby they were brought into court. Moore Filter Co. v. Taugher (C.C.A.) 239 F. 105.

■ The appellants challenge the jurisdiction of the court to render the judgment appealed from, on the grounds that they were not parties to the judgment against the county of Monroe which was ordered to be paid, and that their official duties are to be performed, and the fund administered by them from which payment of the judgment against the county of Monroe is sought has its situs, at the seat of government of the state of Florida, outside the territorial jurisdiction of the court below and in the Northern District of Florida.

An act of the Legislature of Florida, passed in 1929, Ex.Sess., c. 14486 (Comp. Gen.Laws Florida, 1930 Supplement, § 2470 (1) et seq.), and amended in 1933 (Acts 1933, c. 15891), provided for funds collected for the payment of principal and interest of road bonds or bridge bonds issued by any county of the state being remitted by the official receiving the same to the state treasurer as county treasurer ex officio, and for the administration of such funds by a board of administration created by that act and consisting of the Governor of the state, the state comptroller, and the state treasurer.

The writ of mandamus applied for, being an ancillary proceeding for the enforcement of the judgment rendered against the county of Monroe, was process in execution, and was maintainable against officials having the custody of funds applicable to the payment of such judgment, though those officials were not parties defendant to that judgment. Memphis v.

Brown, 97 U.S. 300, 24 L.Ed. 924; Arkansas ex rel. v. St. Louis-San Francisco R. Co., 269 U.S. 172, 173, 175, 46 S.Ct. 66, 70 L.Ed. 219; Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145; Labette County Commissioners v. United States ex rel. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698; 2 Street's Federal Equity Practice, § 1229. Under 28 U.S.C.A. § 838, the process resorted to could be executed in the Northern District of Florida. Pierce v. United States (C.C.A.) 257 F. 514. The power of the court below to enforce its judgment in the Northern District of Florida was similar to that possessed by Florida state courts to enforce their judgments throughout the state. Virginia-Carolina Chemical Corporation v. Smith, 164 So. 717, 721.

It may be assumed, without being decided, that provisions of the Constitution of Florida which are invoked by counsel for appellants have the effect of requiring the appellants to perform their official duties in Tallahassee, the capital of the state, located in the Northern District of Florida. The acts ordered by the peremptory writ of mandamus, issued pursuant to the judgment appealed from, to be done by the appellants to effect the payment adjudged to be made on the judgment rendered against the county of Monroe, may be done by the appellants at Tallahassee. It follows that the judgment under review is not subject to objection on the last above stated ground.

■ Allegations of the amended alternative writ of mandamus which were not put in issue show the issuance of the bonds described in the court's judgment, the recitations of those bonds, the statutory authority under which they were issued, the relator's acquisition of those bonds with interest coupons annexed, that the relator held the described past-due coupons payable June 1, 1933, the pledging of an annual ad valorem tax for the payment of the principal and interest of those bonds, the institution of an action on said past-due coupons, the rendition of a judgment thereon in favor of the relator, the levy and collection of ad valorem taxes by the county for the purpose of paying interest on its outstanding bonds, the remitting of the proceeds of such tax to the state treasurer as county treasurer ex officio, and that the state treasurer as county treasurer ex officio has in his custody those funds under control of the state board of administration. Those allegations showed a state of facts which gave rise to a duty on the part of the state board of administration to authorize, and provide for, the payment to the relator, appellee, on the judgment rendered in its favor against Monroe county, so far as said funds in the custody of the state treasurer as county treasurer ex officio and under control of the board of administration would permit; and a duty on the part of the state treasurer as county treasurer ex officio of Monroe county to comply with said board's orders in that regard; which duties were enforceable by the writ of mandamus. State v. State Board of Administration, 115 Fla. 806, 156 So. 130; State v. Sholtz, 114 Fla. 135, 154 So. 871; State v. Lee (Fla.) 164 So. 188.

■ In behalf of appellants it was contended that the relief granted was greater than that to which appellee was entitled. For support of this contention counsel for appellants call attention to the facts that the peremptory writ of mandamus issued pursuant to the court's order recites a judgment rendered on June 13, 1934, for a stated sum and costs, in favor of the relator and against the county of Monroe, and provides for the payment of those sums with interest thereon from June 13, 1934, to the day on which payment shall be made, though the concluding words of the judgment referred to are: "Done And Ordered at Miami, Florida, this 18th day of June, A. D. 1934." The initial words of that judgment are: "Came, this 13th day of June, A. D. 1934, the plaintiff, Ben Hur Life Association, by its attorney, L. O. Casey, and moved for final judgment. * * *" That judgment contains a recital of the entry by the court of a default against the defendant on the 13th day of June, A. D. 1934. The original petition for the alternative writ of mandamus, the original alternative writ of mandamus issued in pursuance of that petition, and the amended alternative writ of mandamus, each alleged that the judgment in question was rendered on June 13, 1934. The return made by appellants admitted those allegations. It appears that by clerical error the judgment rendered stated conflicting dates of its entry. The admission of the allegations that that judgment was rendered on June 13, 1934, import the recognition by both parties that the statement of its date in the concluding words of the judgment was a clerical error, and that the true date of the judgment was June 13, 1934. The appellants cannot sustain an objection to the

court's adoption of a conclusion in which they expressly concurred. The relief granted was not excessive on the ground now under consideration.

 Another ground suggested to support the claim that the relief granted was too broad was the inclusion in the judgment appealed from of the provision requiring the Board of Administration to pay the costs of the mandamus proceedings. Such costs were allowable. Mayor, etc., of City of New Orleans v. United States ex rel. Stewart (C.C.A.) 49 F. 40.

We conclude that the judgment under review is not subject to be reversed on any ground urged. That judgment is affirmed.