**UNITED STATES ex rel. METZGER v. CITY OF VERO BEACH et al.**

No. 8390.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1937.

L. O. Casey, Miller Walton, and Frank O. Spain, all of Miami, Fla., for appellant.

James T. Vocelle, of Vero Beach, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On September 10, 1936, as owner of certain unpaid, past-due bonds and interest coupons of the City of Vero Beach, Fla., Fred P. Metzger recovered a judgment in the court below in the sum of $58,035.58, with interest from date thereof at the rate of 5 per cent. per annum and all costs of court. No appeal was taken from said judgment, and the same now remains in full force and effect. On the same day, in the same court, upon the verified petition of said creditor, an alternative writ of mandamus was issued to said municipal corporation and its proper officers, directing them to levy a tax adequate to pay said judgment, interest, and costs in full, or to appear before the court on a designated date and show cause why they should not comply with the separate and several commands contained in the writ.

Appellees moved to quash the alternative writ. While the motion was pending, Lulu M. Metzger filed a petition alleging that the original relator had died after issuance thereof and that she was his widow, sole heir, and successor in title. The petition prayed that she be substituted as relator. Before any ruling was made, appellees also filed a return to the alternative writ. An order was entered reviving the cause, substituting Lulu M. Metzger as relator, and denying the motion to dismiss the alternative writ. The relator then moved the issuance of a peremptory writ, notwithstanding the return.

The appellees, answering said alternative writ, alleged that the City of Vero Beach had an outstanding bonded indebtedness of $1,628,338.32, of which $849,713.46 was in default; that the total assessed valuation of all property within the city subject to taxation for the year 1936 was $1,999,419; that, in order to obtain sufficient money with which to pay said indebtedness, it

would be necessary to levy a tax of about 450 mills, which would be confiscatory and would utterly destroy all values within the city; that, in order to work out a solution of its debt problem, the city council had negotiated with other bondholders and agencies respecting a refunding program, whereby it proposed to issue thirty years refunding bonds beginning with a rate of 2 per cent. per annum; that it would be unjust and inequitable to the taxpayers to require a millage which would be confiscatory of their property; and that, in addition to the alternative writ issued in this case, numerous other writs had been issued, which within themselves totaled the approximate sum of $300,000. The respondents prayed that the court exercise its equitable discretion and "spread the judgment herein sought to be collected over a period of thirty years, commensurate with the terms of said refunding plan."

When the cause came on for hearing upon the motion of the relator for a peremptory writ, the court made an order that the motion be denied, unless within ten days the relator apply for amendment of it in such manner as to have the same command a special tax levy in the city's fiscal year 1936–1937, sufficient to pay one-sixth of the total judgment and costs and interest upon the entire judgment at the rate of 5 per cent. per annum from date thereof to May 1, 1937. The order further provided that, if such application for amendment should not be made within the time so limited, final judgment should be rendered in favor of appellees and against the relator, but that, if such application for amendment should be made within the prescribed time, it would be granted and a peremptory writ of mandamus issued forthwith pursuant to said alternative writ as so amended. The order further provided: "If such application for amendment shall be made within the time so limited, as aforesaid, that the Court hereby retains jurisdiction of this cause and of the parties herein, and each of them, for the purpose of hereafter considering and disposing of any subsequent motion or other application of the Relator for a special tax levy or special tax levies in the Respondent City's subsequent fiscal year or years, for payment of the remainder of the said Judgment, with interest thereon, and for the purpose of considering and disposing of any subsequent motion or application of the Relator for modification of this Order by reason of facts or circumstances

deemed sufficient by the Relator to warrant such modification, and for all such other and further purposes as the Court may deem proper in connection with the subject matter of this cause, it being the intention of this Order to temporarily provide a method for partial payment of the said Judgment, with interest thereon, in the event the Relator elects to so amend the said Alternative Writ, but to preserve to the Relator the right to apply for such modification of, or changes in, the said temporary method as she may deem justified, and to further preserve to her the right to make all such applications, as she may deem proper with reference to payment of the remainder of the said Judgment, with interest thereon, and to further reserve and maintain in this Court jurisdiction to consider and dispose of all such applications, and it is hereby so ordered."

The application for amendment was not made by the relator, and on December 29, 1936, final judgment was entered against her, denying the peremptory writ of mandamus, dismissing the alternative writ, and awarding appellees their costs expended in this behalf. The judgment, which is before us for review, recites the facts leading up to its entry, and shows on its face that relief was denied relator because "the court was of the opinion that a spread levy should be ordered," on a six-year basis, rather than the issuance of a peremptory writ. The court indicated its willingness to order a special levy for the current year to pay one-sixth of the total amount due, "with jurisdiction retained for the purpose of determining what further levies would be ordered in the future, without committing itself upon the point whether the levy to be ordered in 1937 would be on the basis of a similar fraction."

The relator's judgment was based upon bonds, each of which recites that, for the payment of the same, "the full faith and credit of the City of Vero Beach is pledged, and that provision has been made for the levy and collection, each year, while any of said bonds are outstanding and unpaid, of sufficient taxes on all taxable property in said City to pay the principal and interest of this bond and the other bonds of this issue as the same become due and payable, so far as such taxes may be necessary for that purpose."

██ There is no contention in this case that mandamus is not an appropriate remedy to secure payment of relator's judgment. The

appellant contends that the bonds are general obligations of the city payable from an unlimited taxing power, and that the holder is entitled to have the pledged taxes levied whenever and as often as may be necessary to pay the judgment in full. The appellee asserts that the court has a discretion to order the taxes to be spread over a period of time consistent with the orderly administration of municipal government and with the duty owing to the relator. We think the court erred in providing, as a condition for the issuance of its peremptory writ, that the relator made application for said amendment of the alternative writ, and upon her failure to comply with the condition, in dismissing the alternative writ and denying all peremptory relief. The court was of the opinion from the facts then appearing that a levy should be ordered upon the basis of a six-year spread, but failed to make an adjudication to that effect. On the contrary, it "indicated its willingness" to order a special tax only for the current year and only sufficient to pay one-sixth of the total amount due, retaining jurisdiction with reference to future levies, "without committing itself upon the point whether the levy to be ordered in 1937 would be on the basis of a similar fraction."

▮ The hardship and uncertainty upon a suitor of having to litigate annually for a fractional part of the amount due is apparent. There should be an end of litigation. The relator is entitled to equal and exact justice speedily administered. Such should be awarded in a single and entire judgment directing the issuance of a peremptory writ. Whether the entire amount should be raised by a single tax or divided into fractions thereof and raised by two or more levies spread over a reasonable number of years is a matter resting in the sound discretion of the court. United States v. City of Key West (C.C.A.) 78 F. 88; East St. Louis v. Amy, 120 U.S. 600, 7 S.Ct. 739, 30 L.Ed. 798.

As to the manner in which the discretion is to be exercised, it is well to bear in mind the memorable language of the Chief Justice in Osborn v. Bank, 9 Wheat. 738, 866, 6 L.Ed. 204: "Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is dis-

cerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

In State ex rel. Klemm v. Baskin, 111 Fla. 667, 150 So. 517, 518, the court said: "Whatever discretion, as a general rule, may be vested in the courts to withhold peremptory writs of mandamus as a matter of discretion in certain cases, such discretion can never be exercised by any court of this state to the extent of impairing the obligations of valid contracts, in violation of the state and Federal Constitutions, both of which guarantee a remedy in the courts to all who have lawful contractual obligations to enforce against those who have breached a statutory duty, the performance of which was promised in the terms of an express agreement, the rights growing out of which are enforceable as a matter of legal right, by mandamus, as is the case with public securities."

In State v. Werra Aluminum Foundry Co., 173 Wis. 651, 182 N.W. 354, 355, 22 A. L.R. 1, the court said: "Judicial discretion should not be exercised to withhold the writ of mandamus to enforce a clear right conferred by statute when no other remedy is available to secure such right. To do so amounts to judicial assumption of legislative prerogatives, emasculates or annuls legislative enactments, and savors of judicial government."

In State v. Posey, 17 La.Ann. 252, 87 Am.Dec. 525, the court said:

"The judiciary is not, by the constitution, invested with legislative powers. It has no authority to deprive the citizen, by its rules, of his legal rights.

"The judge must conform to the law, though he should think that thereby certain citizens would be injured, or that its provisions do not exactly come up to a proper administration of justice."

See, also, 18 R.C.L. 137, § 52; 38 C.J. 549, § 18; Gay v. Torrance, 145 Cal. 144, 78 P. 540; Stinson v. Godbe, 48 Utah, 444, 160 P. 280; Town of Columbus v. Barringer (C.C.A.) 85 F.(2d) 908; Gowdy v. Board of Education, 89 N.J.Law, 137, 98 A. 12; Rees v. Watertown, 19 Wall. 107, 22 L.Ed. 72; City of Galena v. Amy, 5 Wall. 705, 18 L.Ed. 560; Benbow v. Iowa City, 7 Wall. 313, 19 L.Ed. 79; City of Little Rock v. United States (C.C.A.) 103

F. 418; City of Sarasota v. State (Fla.) 172 So. 728; Id. (Fla.) 172 So. 732; Sholtz v. United States ex rel. Ben Hur Life Ass'n (C.C.A.) 82 F.(2d) 780.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.