HAYS v. MISSOURI PACIFIC RAILROAD COMPANY (1)
STATE v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY (2).

Opinion delivered May 14, 1923.

1. TAXATION—UNIFORMITY IN ASSESSMENT.—Const. art. 16, § 5, requires uniformity, not only in the rate of taxation, but also in the mode of assessment on the taxable valuation.

2. TAXATION—UNIFORMITY.—Under Const. art. 16, § 5, a State tax must be uniform over the whole State, and a county, city, town or other subordinate district tax must be uniform throughout the territory to which it is applicable.

3. TAXATION—SCHOOL TAX—UNIFORMITY.—Certain special acts providing a method of assessment of property for school purposes in certain school districts held to violate Const., art. 16, § 5, in fixing the value of the same property at a given per cent. for taxation for school purposes and at a different valuation for other general taxes.

(1)    Appeal from Jackson Chancery Court; *Lyman F. Reeder,* Judge; affirmed.

(2)    Appeal from Prairie Chancery Court, Southern District; *John E. Martineau,* Chancellor; affirmed.

STATEMENT OF FACTS.

These are companion cases, involving the construction of statutes which are claimed to violate art. 16, § 5, of our Constitution, requiring uniformity of taxation, and may be disposed of in one opinion.

The Legislature of 1921 passed an act to provide a method of assessment of property for school purposes in the school district of Newport, Swifton Special School District and Tuckerman Special School District, Jackson County, Ark. Special Acts of 1921, p. 899.

Sec. 1 of the act provides that it shall be the duty of the county assessor, at the time of making any assessment of property for taxation in the school districts enumerated above, to assess the same at seventy-five per cent. of its true market value, notwithstanding any other basis of valuation then being used, and on which valua-

tions are being entered in a column in said assessor's books.

Sec. 2 provides that the extension of said taxes for said school districts shall be made on the basis of seventy-five per cent. of the true market value of said property.

Sec. 3 makes it the duty of the collector of taxes of Jackson County to collect the taxes for school purposes in said school district on the basis of the assessments fixed by the act.

Sec. 5 provides that the act shall apply only to the school districts above named.

The terms of the act were complied with by the assessor, and the taxes for school purposes in the districts mentioned were duly extended at seventy-five per cent. of the valuation of the property situated in said districts.

The Missouri Pacific Railroad Company and others filed separate complaints against Geo. R. Hays, as tax collector of Jackson County, and J. F. Parish, as county clerk of said county. The complaint in each case is practically the same, and sets out the facts above recited.

It is also alleged that, for the year 1921, the Arkansas Tax Commission, pursuant to the statutes of the State, assessed the property of the plaintiffs, which are railroads, for all State, county, and school purposes; that said Commission made said assessments on the basis of fifty per cent. of the true market value of said property, and certified such assessment on the property of said plaintiffs located in Jackson County to the assessor of said county; that the assessor of said county set down in a separate column the value of the property of the plaintiffs, situated in the special school districts above named, for school purposes on the basis of seventy-five per cent. of the true market value, and that Geo. R. Hays, as tax collector of said county, was proceeding to collect said school taxes in said school district on the basis of the assessment and extension of taxes

under and by authority of the special act approved March 25, 1921, and referred to above. Similar suits were filed by owners of private property against said collector and said county clerk. Their complaints also alleged that their property in said school districts was assessed at a different valuation for other general taxes than is required by the statute for school purposes.

By agreement of all the parties, the chancery court consolidated the cases for trial, and heard them together. The chancery court found that the special act in question was unconstitutional because it was in violation of art. 16, § 5 of our Constitution, requiring uniformity of taxation throughout the State.

The Legislature of 1921 also passed a special act to provide a method of assessment of property for taxation for school purposes in DeValls Bluff Special District No. 1, Prairie County, Ark. Special Acts of 1921, p. 1259.

Sec. 1 provides for a hundred per cent. assessment of all property for school purposes in said school district.

Sec. 2 provides for the extension of said taxes, and § 3 provides for their collection on the basis of the assessment fixed by the act by the collector of taxes of said county.

The State of Arkansas, on the relation of the Attorney General for the benefit of said special school district, brought a suit in the Prairie Chancery Court against the Chicago, Rock Island & Pacific Railway Company to collect the taxes overdue and unpaid under said act, and to declare the same a lien upon the property of said railroads.

The complaint alleges a compliance with the act by the officers whose duty it is to levy and collect the taxes under its terms, and the refusal of the railroad companies to pay the same.

In addition to the facts above set forth, it appears from the record in this case that the Arkansas Tax Com-

mission assessed the property of said railroad companies in said special district at fifty per cent. of its true market value, and certified the same to the proper officers, as required by law.

The chancellor was of the opinion that the special act in question was contrary to the provisions of art. 16, § 5 of the Constitution of 1874, and it was decreed that the complaint should be dismissed for want of equity.

All the cases are here on appeal.

*Boyce & Mack,* for appellants.

Act is not objectionable as attempt by Legislature to value certain classes of property. Neither does it modify or change the duties of the assessor, county boards or State Tax Commission. 49 Ark. 518. No requirement of the Constitution that the levying court shall levy school taxes, the duty being imposed by statute. Secs. 8956-57, Crawford & Moses' Digest. Failure to provide for appeal does not affect validity of act. 57 Ark. 529. The only question in the case is whether or not the act is in conflict with § 5, art. 16, of the Constitution. The Legislature may require that, for school purposes alone, in all or any of the school districts of the State, all property be valued at 100 per cent. of its actual value, and then apply a different rule or basis for the valuation for State and county purposes without violation of the equality and uniformity clause. 37 Cyc. 735, 742, 26 R. C. L. 245; 101 U. S. 153, 25 L. ed. 903; 49 Ark. 336; 25 Ark. 289. A school district is a taxing district. 57 Ark. 554. A statute is presumed to be constitutional, and all doubts must be resolved in favor of its constitutionality. 60 Ark. 343; 99 Ark. 14. The Constitution does not expressly forbid the adoption of different bases of valuation in different districts of the State. Case of 62 Ark. 461 and others following it are not controlling here. The Constitution does not prohibit the Legislature from fixing a basis of valuation. 127 Ark. 353. The fact that the Legislature might make laws fixing a dif-

ferent basis of valuation in different counties, different
school districts and different municipalities for local
purposes is no argument against the validity of this act.
117 Ark. 622.

*Thos. B. Pryor, Ponder & Gibson, W. J. Orr, Jno.
W. & Jos. M. Stayton, O. W. Scarborough, Gustave
Jones, Thos. S. Buzbee, George B. Pugh* and *H. T. Har-
rison,* for appellees.

The act fixing the different bases of valuation
of property for taxation of property for taxation for
school purposes in this district mentioned conflicts with
§ 5, art. 16, Constitution.    2 Ark. 365; 25 Ark. 295
(Const. 1868); 57 Ark. 557; 48 Ark. 370; 127 Ark. 349;
139 Ark. 41; 62 Ark. 461; 32 Ark. 31; 46 Ark. 312; 63
Ark. 592; 90 Ark. 416.    Due process of law feature.    26
R. C. L. 340-1, 53 L. R. A. 454; 34 L. R. A. 725; 221 U.
S. 358.    The right to a hearing.    118 U. S. 394; 164 U.
S. 112; 203 U. S. 323; 207 U. S. 127; 210 U. S. 373; 2
L. R. A. 655, 1916-E, L. R. A. 5 (note); 30 Amer. Rep.
289; 31 L. R. A. 382.    Mode of assessment of railroad
property fixed as entirety and tax apportioned among
different counties, etc.    26 R. C. L. 188-191; 13 Am. St.
Rep. 482; 69 L. R. A. 447; 1916-E, L. R. A. 1186.    State
Tax Commission only has authority to assess property
of railroads.    Sec. 9788, C. & M. Digest; 94 Ark. 219; 52
Ark. 535; 64 Ark. 437; 130 Ark. 261; 127 Ark. 353.

*J. S. Utley,* Attorney General, and *Chas. B.
Thweatt,* special counsel, for appellants.

The only question presented is whether or not act
627, Acts 1921, is valid.    This act requires the property in
DeValls Bluff Special School District to be assessed
at one hundred per cent. of its true market value for
school purposes.    The Legislature has plenary power
to pass any law not forbidden by the Constitution of
the State or of the United States.    Sutherland, Statu-
tory Construction, 132.    Its power of taxation has no
limit except in the express provisions of the Constitution
and the declared ends of government.    49 Ark. 349.

*Davies v. Hot Springs,* 141 Ark. 525; 37 Cyc. 728. The act is valid unless it violates some express provision of either the State or Federal Constitution. Does not violate Amendment 9 to § 3, art. 14, Const. Neither does it conflict with the due process and equal protection clause of the Federal Constitution. Sec. 9790, C. & M. Digest; Taylor on Due Process of Law, 365; 52 Ark. 538; 90 Ark. 417; 26 R. C. L. 345; 138 Ark. 488; 141 Ark. 600; 191 U. S. 310. The chancellor erred in holding the act void as in conflict with § 5, art. 16, Constitution 1874. Taxing by a uniform rule (Const. 1868). 25 Ark. 295; 27 Ark. 210. *Board v. Missouri,* 61 Pac. (Kan.) 693. Uniformity throughout the State, § 12, art. 3, Const. Construction of identical provision in Constitution 1836. 105 U. S. 278; 64 Ark. 570; 96 Ark. 419; 125 Ark. 167. Equality and uniformity rule frequently applied to a single county. 138 Ark. 452; 124 Ark. 569; 92 Ark. 492. Uniformity requirement relates only to taxing district. *Williamson v. Mimms,* 49 Ark. 349; 111 Ark. 118; 57 Ark. 557. State uniformity not required for local tax rate. 26 R. C. L. 247-8; 4 Dillon, Municipal Corporations, 1366; 101 Tenn. 188. Cooley on Taxation, 333; 26 La. Ann. 493; Cooley on Taxation, 297; 37 Cyc. 733-4; 62 Ark. 461. 127 Ark. 353 not controlling herein. The statute expressly authorizes a separate assessment for school purposes, and it relates only to the district, and is used only for schools. The act is valid, and in this suit, under 10204, C. & M. Digest, a decree should be entered enforcing the lien for taxes due as claimed.

HART, J., (after stating the facts). Art. 16, § 5, of the Constitution of 1874, among other things, provides that all property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. The object of this provision of the Constitution is to secure equality and uniformity in the imposition of

the public burdens. The tax must be laid according to some rule of apportionment which is not arbitrary, but is such that the burden may be made to fall with something like impartiality upon the property sought to be taxed. The settled construction placed upon constitutional provisions similar to the one in question is that uniform taxation requires uniformity not only in the rate of taxation but in the mode of assessment upon the taxable valuation.

Counsel for appellants concede the general rule that, if a State tax is imposed, it must be uniform over the whole State; if by a county, city, town or other subordinate district, the tax must be uniform throughout the territory to which it is applicable. They claim, however, that the constitutional requirement of uniformity is not violated by the fact that, outside of the school districts in question, or within the school districts as regards other than school taxes, a different method of valuation prevails. In other words, they contend that the school taxes fall equally on all property in the special school districts, and that the State, county, and municipal taxes are in no wise disturbed thereby. We cannot agree with counsel in this contention. The manifest purpose of the provision of the Constitution above referred to is to secure uniformity and equality of burden upon all the property in the State with regard to general taxes of every kind and description, whether they be levied for State, county, municipal, school district, or road purposes. The imposition of the burden of general taxation in disregard of any rule of uniformity is always held unwarranted. The property owners of the school districts in question owe the State, county, and school districts the same duty, and are under the same obligations with every other property owner in the State, and no more.

It is true that property such as railroads may be classified for taxation and assessed by different methods and by different officers from those assessing

other property. But the object is nevertheless the same, and that is to arrive at the value of the property and tax it according to its value, making the same equal and uniform throughout the State. While exact equality in taxation cannot be achieved, intentional inequality of assessments violates the mandate of the Constitution in question and invalidates the tax. The statutes under consideration intentionally provide a different valuation for the property in the school districts for taxation for school purposes than for other general taxation. The statute thus requires a mode or system of valuation by the assessor which is designed to operate unequally on the property in the school districts, in that it places a greater burden of taxation for school purposes than it does for State, county, and road purposes, and thereby disregards the plain mandate of the Constitution requiring the value of the property to be ascertained in a manner making the same equal and uniform throughout the State. The property owners in the school districts in question had a right to insist that all the property be valued on the same basis for general taxation, and had just grounds of complaint,because the statute in question violates the principles of the constitutional mandate in fixing the value of the same property at a given per cent. for taxation for school purposes and at a different valuation for other general taxes. While the Constitution does not require a full valuation, it does guarantee that the property shall be taxed according to its value, and that value shall be ascertained by laws making the same equal and uniform throughout the State. *Ex parte Fort Smith & Van Buren Bridge Co.,* 62 Ark. 461.; *Bank of Jonesboro* v. *Hampton,* 92 Ark. 492; and *State ex rel. Nelson* v. *Meek,* 127 Ark. 349.

It follows that the decree of the chancery court in each case will be affirmed.