. CASH v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.·

Opinion delivered November 16, 1925.  ·

1.  TAXATION—UNIFORM VALUATION.—Under ˙ the Constitution. all property must ·be taxed according to its value, to be ascertained as the General Assembly shall direct, making the same equal and uniform throughout the State. ˙

2.  ·TAXATION—·EFFECT ·OF ILLEGAL ASSESSMENT.—Taxpayers are not bound ·by an illegal ·assessment, though it relieves them from part of the assessment which would otherwise ·be imposed.

3.  ˙TAXATION—ASSESSMENT AT FULL VALUATION FOR COUNTY PURPOSES. —Where the Tax Commission, complying with an order of a federal court, directed the county authorities to multiply by two the taxes ·already extended against the property of a railroad company for county purposes only, which order ·was ˙complied ·with, this amounted in effect to an assessment ·by ·the˙ Tax Commission of the railroad company's property at its full· value for county purposes only, and violated the uniformity clause (·art. 16, § 5) of the Constitution.

·Appeal from ·Cleveland Chancery Court; *John M. Elliott,* ·Chancellor; affirmed.     . .

STATEMENT OF FACTS.        ·   : :

On August 31, 1922, the ·St. Louis Southwestern ˙Railway Company· ·brought suit in the ·Cleveland˙ Chancery Court· against J. E. Smith, ·as sheriff ·and collector, ·to· enjoin what is ·alleged to ·be an illegal assessment of ˙taxes ·for county general ·purposes for the year 1921.     ·

·   On May 25, 1923, a similar suit was filed by ·the railway ·company against Dave Cash, ·as sheriff and collector of Cleveland County.   By agreement both cases ·were consolidated for trial, and, Dave Cash having succeeded J. E. Smith as sheriff and collector of Cleveland County, his name was substituted for ·the name of J. E. ·Smith ·as defendant in the first suit.   ·         :

.   The record shows that ·the assessments ·of the St. Louis ·Southwestern Railway Company, and the ·other railway companies in the State of Arkansas, were made by the Arkansas Tax·Commission at a ·basis ·of 50 per cent. of the ·actual value of their property for the years 1921 and 1922.   The portion of the taxes due each county

through which the St. Louis Southwestern Railway Company runs was certified to the various county collectors of said counties. The record shows the assessment as appointed and certified for Cleveland County on the property of the St. Louis Southwestern Railway Company for the years 1921 and 1922.

On September 9, 1922, the Arkansas Tax Commission sent a letter, signed by its chairman and secretary, to the tax assessor and to the circuit and county clerk of Cleveland County, which reads as follows:

"In obedience to a judgment of the United States Court you are hereby ordered to multiply by two, for county purposes only, all assessments of property made by this commission and certified to the tax assessor of Cleveland County for the year 1922."

A similar letter was sent to them with regard to the taxes for the year 1921, which was by some means lost, and its contents was proved by the county clerk of Cleveland County.

In obedience to the letter of the Arkansas Tax Commission, the assessment of the railroad property for said years was made out and certified on the tax books at double the amounts as shown by the returns of the Arkansas Tax Commission.

The record also shows that the Federal District Court at Little Rock, on April 4, 1921, rendered a judgment requiring the assessment of property in Cleveland County for county general purposes at 100 per cent. of its value, and that this order was duly served upon the Arkansas Tax Commission and the county judge of Cleveland County, Arkansas. Acting under this judgment of the Federal Court, the Arkansas Tax Commission wrote the county clerk and the assessor of Cleveland County a letter directing them to multiply the taxes as returned against the property of the St. Louis Southwestern Railway Company by two and extend the value upon the assessment books for county general purposes.

The record also shows that on the 21st day of April, 1921, the judge of the Federal Court set aside said mandatory order at the instance of J. H. Meek, who had become the owner of the judgment against Cleveland County under which the original order had been made.

The railroad company paid the county taxes extended against its property for the years 1921 and 1922, based upon the 50 per cent. valuation assessments, and also paid all the other taxes due by it in said county for said years.

It was decreed by the chancery court that the sheriff and collector of Cleveland County be perpetually enjoined from collecting taxes against said defendant for the years 1921 and 1922 for county general purposes for more than 50 per cent. of the value of the property of said railway company as shown by the original assessment. The case is here on appeal.

*D. A. Bradham,* for appellant.

*J. R. Turney, A. H. Kiskaddon, W. T. Wooldridge* and *H. T. Wooldridge,* for appellee.

HART, J. (after stating the facts). The judgment of the chancery court was correct. At the outset it may be stated that the act of the county authorities in doubling the assessed value of the property of the railroad company for county purposes under the circumstances was a mere clerical act, and that the real raising of the taxes was done by the Arkansas Tax Commission. The record shows that the Arkansas Tax Commission had assessed the property of the railroad company on a basis of 50 per cent. of its value, just as it had assessed the value of all other railroads in Arkansas. Under the judgment of the federal court, it was ordered to assess the property of the defendant railway company in Cleveland County for county purposes only at its full value. Hence the direction of the Arkansas Tax Commission to the local authorities to multiply the taxes as already extended against the property of the railway company and the compliance with the order by the local authorities

amounts in fact to an assessment by the Arkansas Tax Commission of the property of the railway company at its full value for county purposes only. This action was in direct violation of the principles of law decided in *Hays* v. *Missouri Pacific Railroad Co.*, 159 Ark. 101, and *State ex rel. Craighead County* v. *St. Louis-San Francisco Railway Co.*, 162 Ark. 443.

In those cases it was held that under our Constitution all property shall be taxed according to its value to be ascertained as the General Assembly shall direct, making the same equal and uniform throughout the State.

In the case last cited it was expressly held that a judgment of a federal court directing an assessment of all property in a county at its full valuation contemplates an assessment for all purposes, and that an assessment of property at its full valuation for county purposes only is invalid.

In that case the court further held that taxpayers are not bound by an illegal assessment, though the effect is merely to relieve them from part of the assessment which otherwise would be imposed.

In the case at bar the letter of the Arkansas Tax Commission shows on its face that the judgment of the federal court directed it to assess for county purposes only all assessments of property made by it in Cleveland County for the year 1922, and it undertook to raise the assessment in compliance with the order of the federal court, for county purposes only. As we have just seen, this violated the uniformity clause of our Constitution and rendered the tax to that extent void.

The order by the Arkansas Tax Commission to the county assessing authorities of Cleveland County for the year 1921 was lost, but the oral proof shows that it was the same as that for the year 1922. Hence the raise, having been made for county purposes only, was illegal and void as being in violation of the uniformity clause of our Constitution with regard to taxation, and for that reason

the chancery court also properly enjoined the sheriff and collector from collecting the excess taxes for that year.

It is also sought to uphold the decree under the judgment of the federal court of March 28, 1923, which set aside and revoked the mandamus issued on the 21st day of April, 1921. This order was made by the federal court upon the application of J. H. Meek, who had become the owner of the judgment against Cleveland County for the collection of which the mandamus was issued in the first place. This order shows on its face that it is only intended to operate prospectively and has no bearing whatever on the proceedings in this case which had been had before the date of the order revoking the mandamus.

The result of our views is that the decree of the chancery court was correct in each case, and it will therefore be affirmed.