The UNBORN CHILD AMENDMENT COMMITTEE, et al.
*v.* Dr. Harry WARD, et al.

93-1149                                    883 S.W.2d 817

Supreme Court of Arkansas
Opinion delivered October 3, 1994
[Petition for Rehearing Declared Moot November 7, 1994.]

*Lavenski R. Smith* and *David G. Nixon* of the Rutherford Institute of Arkansas, Inc., for appellant.

*Fred H. Harrison*; and *Winston Bryant*, Att'y Gen., by: *Jeffrey A. Bell*, Dep. Att'y Gen., for appellee.

JOANN C. MAXEY, Special Justice. The appellants, the Unborn Child Amendment Committee, allege that the University of

Arkansas for Medical Sciences (UAMS) is in violation of Amendment 68 of the Arkansas Constitution[1] by allowing abortions to be performed at UAMS for reasons other than to save the life of the mother. Appellants maintain that the performance of any abortion at UAMS, whether paid for privately or through third-party providers, involves the expenditure of public funds in violation of Amendment 68. Although the trial court rejected the appellants' expansive interpretation of Amendment 68, on June 18, 1993, the court issued an order holding that, pursuant to Amendment 68, UAMS could only use public funds to pay for an abortion to save the life of the mother, and could only perform other abortions for patients who paid for their services or who secured payment for their services through a third-party provider. Further, the court issued a permanent injunction prohibiting UAMS from performing abortions other than to save the life of the mother unless the particular patient paid the cost of the abortion in advance or furnished sufficient guarantee of payment by a third-party provider. The order and permanent injunction are appealed here.

Subsequent to the entry of the chancery court's permanent injunction, an action was filed in the United States District Court, Eastern District of Arkansas, Little Rock Division, captioned *Little Rock Family Planning Services et al.* v. *Thomas Dalton et al.*, No. LRC-93-803. The plaintiffs in that lawsuit alleged that, as long as the State of Arkansas participated in the Medicaid program, the restrictions of Amendment 68 conflicted with the requirements of the 1994 Hyde Amendment[2], which permits the use of Medicaid funds to pay for an abortion that is required either to save the life of a mother or to terminate a pregnancy resulting from rape or incest.

On July 25, 1994, the United States District Court entered a judgment and a memorandum opinion finding that Amendment 68 was inconsistent with the Hyde Amendment and therefore violates the Supremacy Clause. *Little Rock Family Planning Services et al.* v. *Thomas Dalton et al.*, 1994 W.L. 386796 at 14 (E.D. Ark.). Further, the court's order provided: "The enforce-

---

[1]Section 1 of Amendment 68 states as follows: "No public funds will be used to pay for any abortion, except to save the mother's life."

[2]Pub. L. No. 103-112, § 509 (1993).

ment of Amendment 68 is hereby enjoined in its entirety for so long as the State of Arkansas accepts federal funds pursuant to the Medicaid Act." *Id.* On July 27, 1994, the district court entered an additional order stating: "Amendment 68 to the Arkansas Constitution directly conflicts with federal law (the 1994 Hyde Amendment) and is, therefore, null, void, and of no effect."

On August 22, 1994, the appellees filed a motion pursuant to Ark. R. App. P. 8 asking this court to stay the order and permanent injunction of the trial court pending final determination on appeal of the decision issued by the federal district court. Appellees also asked this court to stay further proceedings in this case and to remove the oral argument of this case from this court's calendar.

The appellants, The Unborn Child Amendment Committee, Jerry Cox, The Christian Civic Foundation, and Larry Page, joined the appellees in their request that we remove oral arguments from the case and stay further proceedings due to the developments in *Little Rock Family Planning Services*. However, they objected to a stay of the order and permanent injunction entered by the trial court in this matter.

Based on the limited records available at the time, this court denied the parties' motions that we remove oral argument from our calendar and stay further proceedings in this case and we accepted the case on submission and heard oral arguments on September 19, 1994. Now having heard the arguments concerning the scope and effect of the preliminary injunction issued by the federal district court, and having reviewed fully the record and briefs submitted by the parties as well as the decision of the federal district court, this court believes that the appropriate course of action is for us to reconsider the motions of the parties and reverse our initial decision not to stay further proceedings in this case. In doing so, we also reconsider the appropriateness of the appellees' motion for a stay of the order and permanent injunction entered by the trial court at this time.

■■ This court recognizes that, until such time as the federal court's decision is reversed by the appropriate appellate court, the permanent injunction issued by the federal district court will be binding on the State of Arkansas and its instru-

mentalities, including UAMS. *State* v. *St. Louis-San Francisco Ry. Co.*, 162 Ark. 443, 451, 258 S.W. 609, 611 (1924). Yet, unless the preliminary injunction issued by the chancery court is stayed, UAMS and the State of Arkansas can only comply with the terms of one injunction by violating the terms of the other injunction. Accordingly, the appellees' motion to stay the effect of the Pulaski County Chancery Court's June 18, 1993, order and permanent injunction pending resolution of the appeal of the decision rendered by the federal district court in *Little Rock Family Planning Services et al.* v. *Thomas Dalton* and to stay any further proceedings in this appeal is granted.

This court, in reaching this decision, has not considered any of the constitutional issues raised in the case presented to the federal district court and this opinion should not be interpreted as suggesting any agreement on the part of this court with the federal court's decision that Amendment 68 is unconstitutional. While this court is the final arbiter of issues involving the Arkansas Constitution and its statutes, the constitutionality of Amendment 68 is not an issue before this court.

Appellees' motion to stay further proceedings, joined in by the appellants, is granted. Appellees' motion to stay the order and permanent injunction entered by the trial court is also granted.

DUDLEY and NEWBERN, JJ., dissent.

BROWN, J., not participating.

DAVID NEWBERN, Justice, dissenting. The question presented in this appeal is whether the Chancellor erred in her interpretation of Ark. Const. amend. 68, §1, which provides, "No public funds will be used to pay for any abortion, except to save the mother's life." The argument has to do with whether it is permissible for a State of Arkansas institution to permit abortions, other than those done to save the life of the mother, to be performed there if the abortions are "paid for" by the requesting party or a third party as opposed to being "paid for" with public funds. An example of the arguments made is the contention that anytime an abortion is done at UAMS by state employees using state facilities public funds are used regardless who "pays for" the abortion. We should interpret Amendment 68 and answer the question.

In its order of July 25, 1994, the United States District Court for the Eastern District of Arkansas, Western Division, issued the following injunction: "The enforcement of Amendment 68 is hereby enjoined in its entirety for so long as the State of Arkansas accepts federal funds pursuant to the Medicaid Act. Likewise, the provision of the Arkansas state plan that relate to abortion funding and are inconsistent with the Hyde Amendment are enjoined." On July 27, 1994, the same Court issued a supplemental order, the last two paragraphs of which provided:

> Furthermore, the record makes it absolutely clear that these sponsors knew that their Amendment [the Hyde Amendment] would require the states to either opt out of Medicaid, or provide funding for abortions following rape or incest—as well as for saving the life of the mother. There is not a suggestion to the contrary in the *Congressional Record* as far as the Court can find—and the parties have not called the Court's attention to any such suggestion.

> Amendment 68 to the Arkansas Constitution directly conflicts with federal law (the 1994 Hyde Amendment) and is, therefore, null, void and of no effect. [Footnote omitted.]

It seems clear to me that the only conflict with federal law is with the Hyde Amendment. The United States District Court's order is ambiguous because it says Amendment 68 is "null, void and of no effect" but bases that conclusion upon a conditional premise, the condition being acceptance by the State of Arkansas of Medicaid funding. Even if that order were upheld in its present form, the only reasonable interpretation I can give it is that the State must allow public funds to be used to fund abortions in rape and incest cases, in addition to those done to protect the life of the mother, if the State continues to accept Medicaid funding from the federal government. It may seem unlikely, or even bizarre, to suggest Arkansas might forego the acceptance of Medicaid funding for the sake of Amendment 68, but stranger things have happened, and as a legal proposition, the option is there.

My quarrel with the majority opinion's reconsideration and granting of the motion to stay the appeal thus has to do with this

sentence which appears in the opinion: "Yet, unless the preliminary injunction issued by the chancery court is stayed, UAMS and the State of Arkansas can only comply with the terms of one injunction by violating the terms of the other injunction." That is not so. By deciding to forego receiving Medicaid funding, the State could follow the Chancellor's order without violating any federal law that has been cited thus far and without violating the injunction language of the District Court's July 25 order. It enjoined "The enforcement of amendment 68 . . . for so long as the State of Arkansas accepts federal funds pursuant to the Medicaid Act."

Although both sides want us to postpone our decision, I must point out that this case has been ready for submission to this Court since February 15, 1994. We scheduled oral argument which we have now heard, and the case is ready for decision. A companion case, *Knowlton* v. *Ward*, #93-1170, which will also deal with Amendment 68 has been ready for submission since February 17, 1994, and is now under submission to this Court. Surely we should not propose to decide the latter case but postpone the former one.

Any further ruling in the federal courts with respect to Amendment 68 will leave a vestige of it intact. What will the Amendment mean if the conflict with federal law is removed? The Chancellor has ruled on it. At this stage only this Court can declare the meaning of the Amendment. We should do so now.

I respectfully dissent.

DUDLEY, J., joins in this dissent.